UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

AARON McDONALD,

    Petitioner,

    v.                               CAUSE NO.: 3:18-CV-973-PPS-MGG

WARDEN,

    Respondent.

OPINION AND ORDER

Aaron McDonald, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (ISP-18-9-78) at the Indiana State Prison in which a disciplinary hearing officer (DHO) found him guilty of trafficking in violation of Indiana Department of Correction Offense 113. Following a disciplinary hearing, he was sanctioned with a loss of one hundred twenty days earned credit time and a demotion in credit class.

McDonald argues that he is entitled to habeas relief because the hearing officer lacked sufficient evidence of his guilt. He states that the trafficked item was not presented at the hearing despite his request for it at the screening stage. In the disciplinary context, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine

whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (internal quotation marks and citation omitted). According to the Seventh Circuit:

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (internal quotation marks and citations omitted).

Under the departmental policy, trafficking is defined as receiving an item from any individual other than an inmate who resides at the same correctional facility without proper authorization. ECF 7-9 at 2. The administrative record included reports from two correctional officers. In the first report, Captain McCann stated that he observed a female visitor sitting in an unusual location in the non-contact visiting area. ECF 7-2. He then reviewed the video surveillance recording and observed the visitor slide an object under the metal gate that separated visitors and inmates. In the second report, Investigator Dustin confirmed Captain McCann's report after reviewing the recording. ECF 7-1.

The record also contains an audio recording of the visit that strongly implies an ongoing exchange of contraband, as well as a video recording which I have viewed. ECF 9, ECF 12, ECF 18. The exchange of contraband is visible on the video recording –

2

the visitor takes an object out of her pant leg and slides it under the bottom of a gate to her left. ECF 18. Then, McDonald is seen getting up, going around the corner and retrieving the contraband. *Id.* Additionally, the record indicates that McDonald left the visiting area after receiving the item without staff supervision. ECF 9. Consequently, the administrative record easily includes "some evidence" that McDonald was guilty of trafficking even though correctional staff was unable to ultimately find the trafficked item. Therefore, the claim that the hearing officer lacked sufficient evidence for a finding of guilty is not a basis for habeas relief.

McDonald also argues that he is entitled to habeas relief because the hearing officer did not explain his finding of guilt or describe the video surveillance recording of the incident. However, he did not present this argument to the Indiana Department of Correction. Consequently, I cannot grant him relief on this basis because he did not exhaust his administrative remedies. *See Moffat v. Broyles*, 288 F.3d 978, 981-82 (7th Cir. 2002) ("Indiana does not provide judicial review of decisions by prison administrative bodies, so the exhaustion requirement in 28 U.S.C. § 2254(b) is satisfied by pursuing all administrative remedies."). Further, even if this claim was properly exhausted, the hearing officer adequately explained that his decision was based on the conduct report and the corroborating investigative report that followed. Therefore, the claim that the hearing officer did not explain the decision is not a basis for habeas relief.

Finally, McDonald argues that correctional staff failed to follow the departmental policy by allowing a correctional officer who did not personally witness the incident to prepare the conduct report and by placing him in administrative segregation prior to

the disciplinary hearing without preparing a classification report. Even assuming that McDonald's interpretation of departmental policy is correct, the failure to follow departmental policies does not rise to the level of a constitutional violation. *Estelle v. McGuire*, 502 U.S. 62, 68 n.2 (1991) ("state-law violations provide no basis for federal habeas relief"); *Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (finding that inmate's claim that prison failed to follow internal policies had "no bearing on his right to due process"). As a result, these arguments are not a basis for habeas relief.

Because McDonald has not asserted a valid claim for habeas relief, the habeas petition is denied. If McDonald wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court of Cook Cnty., Ill.*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Aaron McDonald leave to proceed in forma pauperis on appeal.

SO ORDERED.

ENTERED: January 14, 2020.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT

4